COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:        Arnold Shields, Individually, d/b/a Galveston Service Company, d/b/a Blu Shields Construction, and Blu Shields Construction, LLC v. Commercial State Bank, Douglas Faver, Scott Conkling, Melissa Conkling, Suzanne Hubbard, Daniel Jurgena, Roxanne Tomolialo, Joseph Cox, Thomas Walsh and Gina F. Dominique

Appellate case number:      01-16-00643-CV

Trial court case number:    2015-06750

Trial court:                129th District Court of Harris County

On November 1, 2016, this Court's Order, among other things, dismissed as moot the pro se appellants' amended motion to compel the district clerk to produce all items requested and directed appellants to retain counsel for Blu Shields Construction, LLC, within thirty days of that Order, or else that appellant may be dismissed without further notice. On December 6, 2016, this Court's Order granted, in part, the appellants' 90-day extension request for 30 days from the date of that Order to find counsel for Blu Shields Construction, LLC, or else to request and pay for the reporter's record.

On December 28, 2016, appellants filed a motion for reconsideration of the Order dated December 6, 2016, requesting reversal of the denial of their amended motion to compel because the district clerk has still not provided all of appellants' requests as specified in their several letters of designation and because they have paid for the records.

We construe this motion as one for rehearing, but to the extent that appellants seek rehearing of this Court's November 1, 2016 Order, it is **dismissed as untimely**. Any motion for rehearing must have been filed within 15 days after this Court's judgment or order is rendered, or by November 16, 2016, and any extension request must be filed

within 15 days after the last date to file a rehearing motion, or by December 1, 2016. *See* TEX. R. APP. P. 49.1, 49.8.

To the extent that appellants seek rehearing of this Court's December 6, 2016 Order, it is **denied** because they were not aggrieved by that Order which granted, in part, appellants' extension request, not their amended motion to compel. *See, e.g.*, *CenterPoint Energy Entex v. R.R. Comm'n of Tex.*, 213 S.W.3d 364, 368 (Tex. App.— Austin 2006, pet. dism'd) (noting that, "[t]o be aggrieved, a party must have a justiciable interest—that is, the [] order must injure or threaten the party specifically and differently from the public at large.") (citations omitted).

On January 4, 2017, the pro se appellants filed a second emergency motion for a 90-day extension of time to file their brief and to find counsel. Accordingly, because appellants are proceeding pro se, the Court **grants, in part,** appellants' second extension request for **30 days**, but appellants are warned that **no further extensions will be granted absent extraordinary circumstances**. Thus, appellants must find counsel who shall file a notice of appearance for Blu Shields Construction, LLC, **within 30 days of this Order** or else the appellants **must contact the court reporter** and pay, or make arrangements to pay, for the reporter's record **within 30 days of this Order**. If appellants fail to comply with this Order in a timely manner, this Court will dismiss Blu Shields Construction, LLC, and set the briefing schedule and consider and decide this appeal on those issues or points that do not require a reporter's record for a decision. *See* TEX. R. APP. P. 37.3(c)(1), (2), 42.3(b), (c).

It is so ORDERED.

Judge's signature: /s/ Laura C. Higley
             ☑ Acting individually    ☐ Acting for the Court

Date: January 10, 2017